## JOHNS *v.* TRICK.

In a proceeding by motion under Sec. 224 of the Practice Act to compel payment by a delinquent purchaser at judicial sale, the statement of the Sheriff upon which the motion is based need not state in terms that " loss was occasioned " by a failure to pay the amount bid.   An averment of the amount of the bid and a re-sale at a specified smaller amount is sufficient.

APPEAL from the Fifteenth Judicial District.

The facts are stated in the opinion.

*W. H. Rhodes,* for Appellant.

*J. Chadbourne,* for Respondent.

In order to authorize this proceeding, the motion or complaint must show an actual loss. The averment that a deficit was occasioned thereby is not sufficient. Trick may have bid a great deal more than the property was worth under a misapprehension of facts, and if the property was sold on the second sale for all that it was worth, then no loss was sustained by a judgment debtor or mortgagor.

The statute does not say if any deficit shall be occasioned thereby, as the Sheriff claims in this case, but says, "if any loss be occasioned thereby." This statute was evidently intended to meet cases where an actual loss should be occasioned by a second sale. Where the purchaser should bid less than the amount of the execution on a second sale, and the judgment debtor being insolvent, or having no other property to satisfy the demand of the plaintiff in execution, there would be a case contemplated by this statute. In such a case the plaintiff in execution would sustain a loss.

This is a statutory proceeding, special and summary in its character, and must be strictly complied with in order to acquire any right under it, and it must be strictly construed.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This was a motion by the plaintiff, Sheriff of Tehama County, made on notice under Sec. 224 of the Practice Act, for a judgment against the defendant as a defaulting bidder at a Sheriff's sale of property on execution, issued on a judgment rendered in favor of the defendant against one Canble. The averments of the motion show that the property was first sold to the defendant for $4,706; that he refused to pay the same on demand by the Sheriff; that the property sold on a re-sale for only $2,787 54, leaving a deficit of $1,918 46, which the Sheriff had demanded of the defendant, and which he refused to pay. The defendant demurred to the motion on the ground that it did not aver in specific terms that any ".loss was occasioned thereby," in the language of the statute. The Court below sustained the demurrer, and rendered a final judgment for costs against the Sheriff, from which he appeals. The motion contains the substantial averments required in a case of this

kind.  It is not necessary to use the precise language of this statute.  The facts stated show clearly a loss of $1,918 46 in averring the amount bid at each sale, the difference between the two being a loss, because the bid at the last sale was much less than at the first sale.  If the amount of the last sale had equaled or exceeded that of the first, it would have shown that there was no loss.

The judgment is reversed, the demurrer is overruled, and the defendant is required to file an answer to the motion within ten days after notice of the filing the *remittitur* in the Court below.